

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2009

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3744

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Liu v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1944.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1944

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IMG-017                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3744
_____

CHUI QIANG LIU;
YAN FEN SU,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency Nos. A73-611-329 & A79-193-978)
Immigration Judge:  Honorable R.K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2009

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed February 02, 2009 )
_____

OPINION OF THE COURT
_____

PER CURIAM

    Chui Qiang Liu and Yan Fen Su petition for review of an order of the Board of

Immigration Appeals (BIA).  For the reasons below, we will deny the petition for review.

Chui Qiang Liu and his wife, Yan Fen Su, natives of China, entered the United States in 1994 and 1999 respectively. Liu was charged as removable for not being in possession of a valid entry document, and Su was charged as removable for overstaying her admission period. Liu and Su conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. Both argued that they had been persecuted under the family planning policy in China. After a hearing, the Immigration Judge (IJ) made adverse credibility findings as to both Liu and Su, denied relief, and ordered petitioners removed to China. In an August 2005 decision, the BIA affirmed without an opinion. In February 2006, the BIA sua sponte vacated its August 2005 decision and reopened the proceedings. In an opinion, the BIA agreed with the IJ and dismissed the appeal. The BIA upheld the IJ's adverse credibility findings as to both petitioners. Through counsel, petitioners then filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We may reverse the BIA's decision only if the record permits but one reasonable conclusion which was not the one reached by the Board. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We must uphold the adverse credibility findings unless any reasonable adjudicator would be compelled to conclude to the contrary. Fiadjoe v. Attorney General, 411 F.3d 135, 153 (3d Cir. 2005).

The BIA agreed with the IJ that Su's application for asylum was untimely. Generally, we lack jurisdiction to review a decision by the IJ or the BIA that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). We have jurisdiction to review

2

constitutional claims and questions of law but not factual or discretionary determinations related to the timeliness of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627 (3d Cir. 2006). Petitioners do not challenge this finding.

Petitioners do challenge the IJ's credibility finding. Liu claimed that the family planning officials in China came looking for his pregnant sister-in-law; when they did not find her, they began destroying items in the house. When Liu interfered, the officials beat him and then detained him in a boat to take him to the county jail. Liu testified that he escaped from the boat. The IJ believed it unlikely that Liu could break a window, jump into the water, and swim away from the boat without being noticed. Liu argues that he escaped through the window, not that he broke the window. The IJ also noted that Su's testimony that Liu escaped by bribing the officials contradicted Liu's version.

Regardless of how Liu might have escaped, there are other parts of Liu's testimony that the BIA and IJ found incredible that petitioners do not address in their brief. The BIA pointed out that Liu made false statements in his asylum application. In his application, Liu alleged he was jailed and tortured for two months based on his participation in the student democracy movement in China and was only released when his parents paid a bribe. At his hearing before the IJ, Liu testified that the information in the application was fraudulent; he signed a blank application and put in what the snakeheads told him to say. The IJ disbelieved Liu's claim that he was unaware of the contents of his asylum application. For essentially the reasons set forth by the IJ and the

3

BIA, we conclude that petitioners have not shown that a reasonable adjudicator would be compelled to find Liu credible.

Petitioners also argue that the IJ erred in determining that Su was not credible when she testified that her pregnancy had been forcibly aborted. The IJ noted that Su's description of the abortion procedure was very vague. Su testified that family planning officials held her down despite her crying and struggling. She testified that she was given a shot and became unconscious. Su claimed that she woke up after the abortion was performed and felt sore, tired and weak.

Petitioners contend that a letter from Su's obstetrician/gynecologist supports her testimony. However, the doctor only stated that there are many possible causes of Su's infertility and that it was possible that the forced abortion Su reported impaired her uterus and was preventing pregnancy. The doctor noted that further evaluation was needed. The IJ gave no weight to the letter. We agree that the letter does not support Su's claim. The IJ was also troubled by the fact that, while Su alleged that the abortion had caused her infertility, she had given birth to a child in the United States after the abortion. The IJ further noted that, despite experiencing such a horrendous event, Su did not immediately apply for asylum upon arriving in the United States.

Moreover, we note that the IJ's adverse credibility finding as to Su was also based on inconsistencies between Liu's testimony and hers with respect to their knowing each other in China, her uncle's involvement in their meeting in the United States, and their

4

marriage ceremonies. Furthermore, the IJ determined that Su had given an immigration agent false information. Petitioners have not addressed these issues in their brief. Petitioners have not shown that the record would compel a reasonable adjudicator to find Su credible.

For the above reasons, we will deny the petition for review.